WR-62,099-04
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 4/20/2015 3:52:54 PM
Accepted 4/20/2015 4:28:24 PM
ABEL ACOSTA
CLERK

No. WR-62,099-04

RECEIVED
COURT OF CRIMINAL APPEALS
4/20/2015
ABEL ACOSTA, CLERK

**IN THE
COURT OF CRIMINALAPPEALS
FOR THE STATE OF TEXAS**

**Ex parte Robert Lynn Pruett,**

Applicant.

_____

**MOTION TO RECUSE JUDGE LAWRENCE MEYERS**

_____

**CAPITAL CASE
MR. PRUETT IS SCHEDULED TO BE EXECUTED ON APRIL 28, 2015.**

_____

David R. Dow
Texas Bar No. 06064900
ddow@central.uh.edu
University of Houston Law Center
100 Law Center
Houston, Texas 77204-6060
TEL: (713) 743-2171
FAX: (713) 743-2131

No. WR-62,099-04

**IN THE
COURT OF CRIMINAL APPEALS
FOR THE STATE OF TEXAS**

**Ex parte Robert Lynn Pruett,**

Applicant.

_____

**MOTION TO RECUSE JUDGE LAWRENCE MEYERS**

_____

To avoid any appearance of impropriety and promote public confidence in the integrity of the judiciary, Relator-Petitioner Robert Lynn Pruett asks that Judge Lawrence Meyers recuse himself, or be recused by the Court, from further participation in this case. The basis for this motion is that Judge Meyers, on April 1, dissented from this Court's order granting counsel leave to appear on behalf of Pruett. His dissent, indicating he does not believe counsel should be able to file anything on behalf of Pruett, would cause a reasonable person to question his impartiality in this case.

The grounds for recusal of appellate judges are the same as the grounds for the recusal of trial judges. *See* Tex. R. App. P. 16.2. Under Texas Rule of Civil Procedure 18b(2), a judge must recuse himself in any proceeding in which:

(a)     his impartiality might reasonably be questioned;

(b)     he has a personal bias or prejudice concerning the subject matter or a party, or personal knowledge of disputed evidentiary facts concerning the proceeding.

Tex. R. Civ. P. 18b(2)(a), (b).

The standard for assessing judicial bias in this context is whether the allegation of lack of impartiality is grounded on facts that would create doubts concerning the judge's impartiality – not in the mind of the judge himself, or even, necessarily, in the mind of the party filing the motion, but rather in the mind of a reasonable person with knowledge of all the circumstances involved. *Kemp v. State*, 846 S.W.2d 289, 305 (Tex. Crim. App. 1992); *see Rogers v. Bradley*, 909 S.W.2d 872, 880-82 (Tex. 1995) (Enoch, J., responding to declaration of recusal). The language of the rule is mandatory.  The standard is an objective one:  It requires "the judge to recuse if 'his impartiality might reasonably be questioned,' regardless of the source or circumstances giving rise to the question of impartiality and even though the source and circumstances may be beyond the judge's volition or control." *Rogers*, 909 S.W.2d at 874 (Gammage, J., declaration of recusal).

Because of Judge Meyers' decision to dissent to this Court's order granting undersigned counsel leave to appear, his impartiality with respect to any pleadings for which counsel might seek leave to appear might reasonably be questioned by a reasonable person.  The dissent creates at least the appearance that he is biased against counsel (or at least against counsel's being granted leave to appear during

his suspension).

**PRAYER FOR RELIEF**

For the foregoing reasons, Mr. Pruett asks that Judge Meyers recuse himself,

or be recused by this Court, from the case.

Respectfully Submitted,


s/ David R. Dow[1]

_____

David R. Dow
Texas Bar No. 06064900
University of Houston Law Center
100 Law Center
Houston, Texas 77204-6060
Tel. (713) 743-2171
Fax (713) 743-2131

*Counsel for Robert Pruett*

---

[1] On April 16, 2015, a motion for leave for counsel to appear in this cause number was filed. The motion remains pending. Though counsel has yet to be granted leave to appear, he feels it incumbent upon him to file this motion today, so as not to violate this Court's Miscellaneous Rule 11-003.

# CERTIFICATE OF SERVICE

I certify that on the 20th day of April 2015, a true and correct copy of the above legal document was delivered via email to:

Jefferson Clendenin
Assistant Attorney General
Criminal Appeals Division
P.O. Box 12548, Capitol Station
Austin, Texas 78711
Tel. (512) 936-1600
Fax (512) 320-8132
Email jay.clendenin@texasattorneygeneral.gov


Melinda Fletcher
Special Prosecution Unit
mfletcher@sputexas.org

s/ David R. Dow
_____
David R. Dow